IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RONALD DONNELL MOORE,

    Petitioner,

v.                                No. 2:09-cv-02698-JPM-cgc

HENRY STEWARD,

    Respondent.

---

**ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION**
**AND**
**SECOND ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Before the Court are Petitioner Ronald Donnell Moore's ("Petitioner" or "Moore") Motion for Reconsideration (ECF No. 26), Motion to Re-Consider (ECF No. 27), and Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 29).

For the following reasons, these Motions are DENIED.

**I.    BACKGROUND**

On October 26, 2009, Petitioner, Ronald Donnell Moore, filed a pro se Petition pursuant to 28 U.S.C. § 2254 (the "§ 2254 Petition"). (ECF No. 1.) The § 2254 Petition presented the following issues:

1.    whether the evidence was insufficient to support his conviction and whether the trial court erred in

denying his motion to dismiss at the close of the State's proof;

2. whether the trial court erred in not allowing him to impeach a State's witness with the testimony of another witness;

3. whether trial counsel rendered ineffective assistance by failing to request valid jury instructions on the burden of proof;

4. whether trial counsel rendered ineffective assistance by failing to request jury instructions on lesser-included offenses;

5. whether trial counsel rendered ineffective assistance by failing to object to the presence of a mannequin with a bullet hole in the back as unfairly prejudicial;

6. whether the trial court failed to follow the mandate rendered by the Tennessee Court of Criminal Appeals; and

7. whether post-conviction counsel failed to follow the mandate rendered by the Tennessee Court of Criminal Appeals.

(ECF No. 1 at 5-14; ECF No. 1-1 at 6-24.)

In an Order issued on November 5, 2009, the Court directed Respondent to file the state-court record and a response to the

§ 2254 Petition. (ECF No. 3.) On January 20, 2010, Respondent filed portions of the state-court record (ECF No. 9) and, on January 21, 2010, he filed an Answer to Petition for Writ of Habeas Corpus (ECF No. 10). On July 8, 2010, Respondent filed the trial transcript. (ECF No. 16.) Petitioner did not file a Reply.

In an Order issued on June 7, 2013, the Court denied the § 2254 Petition, denied a certificate of appealability, certified that an appeal would not be taken in good faith, and denied leave to proceed in forma pauperis on appeal. (ECF No. 24.) Judgment was entered on June 7, 2013. (ECF No. 25.)

On June 18, 2013, Moore filed his Motion for Reconsideration (ECF No. 26) and his Motion to Re-Consider (ECF No. 27), and on July 9, 2013, Moore filed his Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 29).

## II. ANALYSIS

The Court first considers Moore's Motions for Reconsideration and then considers Moore's Application to Proceed Without Prepayment of Fees and Affidavit.

### A. The Motions for Reconsideration

Pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), a motion to alter or amend a judgment may be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). "To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be (1) a clear error

3

of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Sixth Circuit has repeatedly held that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted) (internal quotation marks omitted).

Although Moore's Motion for Reconsideration (ECF No. 26) and his Motion to Re-Consider (ECF No. 27) both seek relief under Rule 59(e), these Motions are not identical. The Court first considers Moore's Motion to Re-Consider (ECF No. 27) and then considers Moore's Motion for Reconsideration (ECF No. 26).

### 1. Motion to Re-Consider (ECF No. 27)

The Motion to Re-Consider states that "the court may have misconstrued [Petitioner's] assertions in issues # -5- -6- & -7-." (ECF No. 27 at 2.) Petitioner seeks leave to submit a brief in support of his Motion within thirty (30) days. (Id.) It is unclear whether the Motion for Reconsideration (ECF No. 26) is the brief to which Moore refers.

To the extent Moore seeks a further extension of time, his request is DENIED. Rule 59(e) provides that "[a] motion to alter or

4

amend a judgment must be filed no later than 28 days after the entry of judgment." Rule 6(b)(2) provides that "[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e) . . . ." The Motion to Re-Consider does not state the basis for the Motion, and the Court cannot extend Petitioner's time to provide a basis for his Rule 59(e) Motion. Accordingly, Moore's Motion to Re-Consider (ECF No. 27) is DENIED.

### 2. Motion for Reconsideration (ECF No. 26)

In his Motion for Reconsideration, Moore asks the Court to reconsider those portions of the June 7, 2013, Order that dismissed Claims 5, 6, and 7. (ECF No. 26 at 1.) Moore states that the Court denied relief on those Claims "because in any ineffectiveness or incompetence of counsel in a Federal or state post-conviction proceeding is not a claim cognizable in a 28 U.S.C. section 2254 proceeding." (Id.) He seeks relief from the dismissal of those claims on the basis of the Supreme Court's decision in Trevino v. Thaler, 133 S. Ct. 1911 (2013). (ECF No. 26 at 2.)

In Coleman v. Thompson, the Supreme Court held that there was "no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." 501 U.S. 722, 752 (1991) (citations omitted).[1]

---

[1] See also 28 U.S.C. § 2254(I) (2006) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under
(continued...)

5

Accordingly, until recently a habeas petitioner could not obtain relief on a claim of ineffective assistance of post-conviction counsel. In 2012, the Supreme Court issued its decision in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1320 (2012), which recognized a narrow exception to the rule stated in <u>Coleman</u> "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding . . . ." In such cases, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." <u>Id.</u> The Supreme Court also emphasized that "[t]he rule of <u>Coleman</u> governs in all but the limited circumstances recognized here. . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . ." <u>Id.</u>

<u>Martinez</u> arose under an Arizona law that did not permit ineffective-assistance claims to be raised on direct appeal. "[I]n Tennessee, there is no prohibition against litigation of ineffective counsel claims on direct appeal, as opposed to collateral proceedings." <u>Leberry v. Howerton</u>, No. 3:10-00624, 2012 WL 2999775, at *1 (M.D. Tenn. July 23, 2012) (citation omitted) (internal quotation marks omitted). Although ineffective-assistance

---

¹ (...continued)
section 2254.").

claims are usually raised in post-conviction proceedings in Tennessee, the decision in Leberry declined to extend the reasoning of Martinez, explaining that "the equities of concern in Martinez do not extend to situations where, as here, a petitioner is represented in his post conviction proceeding by yet another attorney who is free to make the ineffectiveness of trial counsel claim." Id. at *2.

In its subsequent decision in Trevino, the Supreme Court extended its holding in Martinez to states in which a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . . ." 133 S. Ct. at 1921. The decision in Trevino would appear to be applicable to habeas petitioners in Tennessee, where issues of ineffective assistance of trial counsel ordinarily are addressed in post-conviction proceedings. "But Trevino still requires prisoners to show that their underlying ineffective assistance-at-trial claim is substantial and that their initial habeas attorney was ineffective." Baze v. White, Civil No. 01-31-ART, 2013 WL 2422863, at *4 (E.D. Ky. June 3, 2013).

Moore, however, is not entitled to relief on the basis of the Supreme Court's decision in Trevino. First, as to Claim 5, while the Court noted that the Claim was "arguably barred by procedural

default due to post-conviction counsel's failure to include the trial transcript in the record on direct appeal," the Court declined to raise the issue sua sponte as Respondent did not argue that Claim 5 was procedurally defaulted. (ECF No. 24 at 54.) Accordingly, the Court reached the merits of Claim 5. Therefore, Trevino is inapplicable to Claim 5.

The remainder of Moore's arguments regarding Claim 5 are difficult to decipher. He asserts that he "did establish that he is entitled to relief on this issue and he also did address the finding of the Tennessee Court of Criminal Appeals that he failed to 'provide any evidence that . . . [the mannequin] inflamed the jury so as to prejudice his trial.'" (ECF No. 26 at 9 (quoting Moore v. State, No. W2008-00034-CCA-R3-PC, 2009 WL 1424186, at *10 (Tenn. Crim. App. May 20, 2009).) Moore refers to a document that he filed with the Tennessee Court of Criminal Appeals on June 30, 2009, one month after the issuance of its decision, entitled "Tennessee Rules of Appellate Procedure, Rule 14 Consideration of Post-Judgment Facts." (See ECF No. 12-4 at PageID 1138-43.) That filing refers to complaints filed by Moore against Marty McAfee, one of his post-conviction attorneys; states Moore's belief that McAfee did not have a copy of the trial transcript when preparing the brief for the second post-conviction appeal; argues that McAfee failed to follow the mandate of the Court of Criminal Appeals on the first post-conviction appeal; and asks for a new trial or, in

the alternative, an order recalling the mandate. (Id.) The Court of Criminal Appeals denied Petitioner's motion on July 9, 2009. (See ECF No. 12-4 at PageID 1135.)

Moore's filing with the Tennessee Court of Criminal Appeals has no bearing on whether he is entitled to relief on Claim 5 in the instant § 2254 Petition. In its June 7, 2013, Order, the Court examined the trial transcript, accepted Petitioner's representation that a mannequin was used as a demonstrative exhibit, and concluded that Petitioner failed to establish that he was prejudiced by use of the exhibit. (ECF No. 24 at 54-56.) Nothing in Moore's Motion for Reconsideration persuades the Court that its decision on Claim 5 was erroneous.

Second, as to Claims 6 and 7, the Court determined that the claims appeared to summarize "Moore's complaints about the conduct of post-conviction proceedings." (ECF No. 24 at 56-57.) Neither Claim 6 nor Claim 7 involved an allegation that trial counsel was ineffective. Accordingly, Trevino is inapplicable to Claims 6 and 7.[2]

---

[2] The June 7, 2013, Order did state that Moore failed to exhaust Claims 6 and 7 in state court. (Id. at 57.) Trevino is entirely inapplicable to Claim 6, which addresses the trial court's alleged failure to follow the mandate of the Tennessee Court of Criminal Appeals on the first post-conviction appeal.

Claim 7 asserts that post-conviction counsel failed to follow the mandate of the Tennessee Court of Criminal Appeals. (ECF No. 1-4 at 21-24.) The Supreme Court's decision in Trevino has no bearing on Moore's various complaints about the conduct of his post-conviction counsel. Notably, the Court held in Claim 1 that the evidence about the alleged altercation in the victim's hospital room would not have been helpful to Moore because the medical examiner testified that the victim died of a gunshot wound to the chest. (ECF No. 24 at 20-22.) The Court did not hold that the ineffective-assistance portion of Claim 1 was barred
(continued...)

Moore's discussion of Claims 6 and 7 is also unclear. Moore challenges the Court's statement that "the law is clear that '[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under 28 U.S.C. § 2254.'" (ECF No. 26 at 11 (quoting 28 U.S.C. § 2254(i)); see also ECF No. 24 at 57.) Moore fails to address the Court's holding that "[a]ny failure by the post-conviction court or post-conviction counsel to comply with the mandate of the Tennessee Court of Criminal Appeals arises under state law and is not properly raised in a federal habeas petition." (ECF No. 24 at 57.) For the reasons previously stated, the Court has concluded that Moore is also not entitled to relief from his procedural default of Claims 6 and 7 based on Trevino.

Finally, Moore's suggestion that he exhausted Claims 6 and 7 by filing his "Tennessee Rules of Appellate Procedure, Rule 14 Consideration of Post-Judgment Facts" is not persuasive. A claim has not been fairly presented to the state courts where it "has been presented for the first and only time in a procedural context in which its merits will not [ordinarily] be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989).

Moore's filing was made pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure, which provides as follows:

---

² (...continued)
by procedural default. (Id. at 22.)

>    **(a) Power to Consider Post-Judgment Facts.** The Supreme Court, Court of Appeals, or Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. Nothing in this rule shall be construed as a substitute for or limitation on relief from the judgment available under the Tennessee Rules of Civil Procedure or the Post-Conviction Procedure Act.
>
>    **(b) Motion to Consider Post-Judgment Facts.** A motion in the Supreme Court, Court of Appeals, or Court of Criminal Appeals to consider post-judgment facts pursuant to subdivision (a) of this rule shall be made in the manner provided in Rule 22. The appellate court may grant or deny the motion in whole or in part and subject to such conditions as it may deem proper.
>
>    **(c) Procedure for Consideration of Post-Judgment Facts.** If a motion to consider post-judgment facts is granted or the appellate court acts on its own motion, the court, by appropriate order, shall direct that the facts be presented in such manner and pursuant to such reasonable notice and opportunity to be heard as it deems fair.

The Tennessee Court of Criminal Appeals denied relief, stating that "[i]t does not appear to this Court that this is a proper matter for the consideration of post-judgment facts." (See ECF No. 12-4 at PageID 1135.) Moore did not give the state courts a full and fair opportunity to consider the issues by presenting them in a motion addressed to the discretion of the state appellate court after it had decided the post-conviction appeal. See Tenn. R. App. P. 39(a).

For the foregoing reasons, the Motion for Reconsideration is DENIED.

**B.   Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 29)**

The Order issued on June 7, 2013, denied Moore a certificate of appealability, certified that an appeal would not be taken in good faith, and denied leave to proceed in forma pauperis on appeal. (ECF No. 24 at 58-59.) On July 9, 2013, Moore filed a Notice of Appeal (ECF No. 28) and an Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 29). Because the Court has certified that an appeal would not be taken in good faith, Moore cannot proceed in forma pauperis on appeal even if he is indigent. (See ECF No. 24 at 59, 59 n.8.) Leave to proceed in forma pauperis on appeal is DENIED.

**SO ORDERED,** this 14th day of August, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF JUDGE, U.S. DISTRICT COURT